UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASHLEY PRICE and AUSTIN PRICE,

    Plaintiffs,

v.                                    Case No.:  2:24-cv-914-SPC-KCD

WRIGHT NATIONAL FLOOD INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Wright National Flood Insurance Company's Motion to Dismiss. (Doc. 21). Plaintiffs Ashley and Austin Price filed a response (Doc. 23), so the motion is ripe for review.

This breach of insurance contract action arises from flood damage Plaintiffs' property sustained during Hurricane Ian. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiffs a Standard Flood Insurance Policy ("SFIP") effective during the time of loss. Plaintiffs submitted a claim for their damages. On February 21, 2023, Defendant issued a letter partially denying the claim. (Doc. 21-4). Because Plaintiffs filed suit over a year later, Defendant moves to dismiss, arguing that Plaintiffs' suit is barred by the statute of

limitations. In response, Plaintiffs argue the statute-of-limitations issue is not appropriate on a motion to dismiss, that the letter was not a proper denial to trigger the statute-of-limitations period, and, if the letter was a proper denial, the statute of limitations does not bar claims for additional payment made in a subsequent proof of loss.

Plaintiffs first argue that Defendant's statute-of-limitations argument is inappropriate at this stage. Dismissal on statute-of-limitation grounds "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008). The denial letter was attached to Defendant's motion to dismiss, not the complaint. So, in Plaintiffs' view, determining whether their claim is barred by the statute of limitations involves looking beyond the face of the complaint.

Despite Plaintiffs' contention, the Court may consider a document not referred to or attached to the complaint if the document is "central" to their claims and the document is undisputed, meaning its authenticity is unchallenged. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). The denial letter is central to Plaintiffs' breach of insurance contract claim. *See, e.g.*, *Oceania III Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins.*, 658 F. Supp. 3d 1177, 1180 n.2 (S.D. Fla. 2023). And although Plaintiffs dispute statements in the letter, they do not challenge the letter's authenticity. So the Court considers it. *See 4922 Mgmt. LLC v. Selective Ins. Co. of the*

2

*Southeast*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim).

Curiously, Plaintiffs contend that "[n]othing within the four corners of the complaint or in any supporting documentation indicates that Plaintiffs ever claimed there was a denial." (Doc. 23 at 3). But this is blatantly untrue. They allege that Defendant "wrongfully denied . . . payment on the Plaintiff's [sic] claims[.]" (Doc. 1 ¶ 36). They further allege the case "is ripe and timely filed because it is within one year of the date that Defendants [sic] denied all or part of Plaintiff's [sic] claim." (Doc. 1 ¶ 35).

Plaintiffs also argue that "the Complaint avers no claim was submitted prior to the Sworn Proof of Loss." (Doc. 23 at 4). Again, this is false. For instance, they allege that, "[o]nce Plaintiff [sic] discovered the Property irreparably damaged by flood waters, Plaintiff [sic] made an immediate claim to FEMA to report the damage." (Doc. 1 ¶ 25). They also allege that they "timely filed a claim and notified Defendant of the Loss," that "Defendant assigned claim number 22 0003381 to the Loss," that they "fully cooperated in the investigation of the Claim," and that they "accepted coverage for the Claim" but the value of the claim was "grossly undervalued." (Doc. 1 ¶¶ 17-21). Only after this undervalued payment did Plaintiffs request additional payment by

completing a proof of loss and submitting it to Defendant. (Doc. 1 ¶ 27). So Plaintiffs contentions are disingenuous.

Turning now to the merits. In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a). Defendant issued its denial letter on February 21, 2023. Plaintiffs filed suit on September 27, 2024, so it is seemingly too late. But Plaintiffs argue that the February 2023 letter did not constitute a notice of disallowance or partial disallowance that would trigger the limitations period. The Court disagrees.

The February 2023 letter was a proper disallowance that triggered the one-year limitation period. "To determine whether a letter is a partial written denial, courts closely examine the letter's content." *Palmer v. Selective Ins. Co., Inc.*, No. CV 24-1599, 2024 WL 5126265, at *4 (E.D. Pa. Dec. 16, 2024) (citation omitted). The February 2023 letter extended partial coverage to Plaintiffs. However, it declined to extend coverage for the roof and trim because the adjuster determined it was not damaged by or from flood.[1] Specifically, it noted "without evidence of damages by or from flood to the

---

[1] In their response, Plaintiffs argue they never claimed the items that Defendant disallowed in the February 2023 letter. But again, the complaint belies this notion as Plaintiffs allege the flood damage "necessitated excessive repairs to, among other things . . . trim work[.]" (Doc. 1 ¶ 16).

4

insured building for these building items, the SFIP will not provide coverage for your claim." (Doc. 21-4 at 3). Similarly, it denied coverage for damage to Plaintiffs' landscaping, noting "the SFIP does not provide coverage for this portion of your loss." (*Id.*)  It also explained that "the SFIP does not provide coverage . . . for . . . the replacement of the tile flooring." (*Id.*) And it advised Plaintiffs that they may appeal to FEMA if they disagree with the decision, accompanied by a Policyholder Rights form which instructed Plaintiffs of their right to appeal or file a lawsuit after their claim is denied. (*Id.* at 4-5).

The February 2023 letter notified Plaintiffs that it would not be extending coverage for a portion of their claim, including the roof, the landscaping, and the tile flooring.  "A letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period." *4922 Mgmt. LLC*, 2025 WL 417701, at *2 (citations omitted).  Although Plaintiffs protest that the letter did not explicitly use the word "deny," this is immaterial because "[t]he clear intent of this letter is to categorically reject part of plaintiffs' claim." *State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817, 819 (6th Cir. 1988); *see also Caruso v. First Protective Ins. Co.*, No. 2:24-CV-615-SPC-KCD, 2025 WL 448953 (M.D. Fla. Feb. 10, 2025) (finding a denial letter with similar language sufficient to trigger § 4072 despite not explicitly using the word "deny"). So the February 2023 denial letter triggered § 4072's one-year

5

limitation period. And because Plaintiffs filed suit over a year later, their claim is time-barred.

Plaintiffs' arguments in opposition are unpersuasive. They first argue the February 2023 letter was not a proper disallowance to trigger the one-year limitation period because it was not based on a sworn proof of loss. Rather, it was based solely on the adjuster's report.[2] But the Court recently addressed and rejected this same argument. *See 4922 Mgmt. LLC*, 2025 WL 417701, at *3–4; *see also Hawk v. Hartford Ins. Co. of the Midwest*, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *5 (M.D. Fla. Jan. 29, 2025) (rejecting plaintiff's argument that a denial letter "did not trigger the one-year period because she had not yet submitted a proof of loss making any request of Hartford). The argument is likewise rejected here.

Plaintiffs' next argument fares no better. They maintain that, to the extent the February 2023 denial letter triggered the limitations period, it only did so for those items explicitly denied in the letter. Any "new" claims, such as those included in their subsequently filed proof of loss, Plaintiffs insist are not time barred. But courts have held that a subsequently filed proof of loss does not extend or restart the limitations period. *See McInnis v. Liberty Mut. Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *2–3 (5th Cir. Sept. 30, 2022)

---

[2] FEMA Bulletin W-22012 requires SFIP insurers to "accept their adjuster's report to evaluate and pay a claim instead of a signed proof of loss."

(rejecting claimant's argument that the subsequent rejection of a proof of loss extended the statutory clock); *Lionheart Holding GRP v. Phila Contribution Ship Ins. Co.*, 368 F. App'x 282, 284–85 (3d Cir. 2010) (rejecting claimant's argument that a subsequent letter altered, varied, or waived the limitations period). Nor does reconsideration of a denial or tender of additional payment affect the running of the limitations period. *See Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 521 (9th Cir. 1988) (explaining that once the statute of limitations is triggered, "reconsideration of that denial or responding to further inquiries about the case has no effect on the running of the limitations period."); *St. Germain Place Owners Ass'n, Inc. v. Texas Farmers Ins. Co.*, No. CIV.A. G-11-071, 2012 WL 2564441, at *2 (S.D. Tex. June 29, 2012) (collecting cases). The statute makes clear that the one-year period begins when a *claim* is denied.[3] 42 U.S.C. § 4072. And "[a] policyholder has only one claim from a flood event regardless of the number of proofs of loss and amount of documentation the policyholder may submit in support of that claim." *McInnis*, 2022 WL 4594609, at *3. Because Defendant denied Plaintiffs' claim on February 21, 2023, their subsequently filed proof of loss does not salvage their case.

---

[3] Citing the language of 42 U.S.C. § 4072, Plaintiffs argue that the one-year limitation period is only triggered upon the disallowance of "proved and approved losses." (Doc. 23 at 10). The Court previously found this statutory interpretation unpersuasive. *See 4922 Mgmt. LLC*, 2025 WL 417701, at *3 n.2.

Accordingly, it is now

**ORDERED:**

1. Defendant's motion to dismiss (Doc. 21) is **GRANTED.**

2. Plaintiffs' complaint (Doc. 1) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this February 13, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

8